**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

STEVEN KENNETH REILLY,

　　　Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

JAMES STEVEN PEAVLER,

　　　Defendant - Appellant.

No. 24-7047
(D.C. No. 6:23-CR-00085-RAW-1)
(E.D. Okla.)

No. 24-7062
(D.C. No. 6:23-CR-00081-JFH-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

_____

Any person who buys a gun from a licensed dealer must complete Form 4473.

_See_ 27 C.F.R. 478.124(c)(1) (2022). That form asks, "Are you under indictment or

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

information in any court for a felony[] or any other crime for which the judge could imprison you for more than one year . . . ?" Bureau of Alcohol, Tobacco, Firearms and Explosives, U.S. Dep't of Just., OMB No. 1140-0020, Firearms Transaction Record 1 (2023).[1] The answer to that question is important: federal law prohibits the sale or transfer of a firearm to someone under felony indictment. *See* 18 U.S.C. § 922(d)(1), (n).

James Peavler and Steven Reilly (together, defendants) were each under felony indictment when they completed Form 4473, but they checked "no" next to the indictment question. The government then prosecuted them for violating 18 U.S.C. § 922(a)(6), which criminalizes making false statements that are "material to the lawfulness of [a firearm] sale."

On appeal, defendants contend their prosecutions were unconstitutional because the government cannot, consistent with the Second Amendment, limit indictees' gun rights. Under that view, their false responses to Form 4473's indictment question were not "material" to the lawfulness of a firearms transaction and thus did not violate § 922(a)(6).

Based on our recent decision rejecting a facial challenge to § 922(n), we disagree and affirm.

---

[1] Although an earlier version of Form 4473 was in use during the events at issue here, the then-operative version also included this language. *See Firearms Transaction Record/Registro de Transaccion de Armas de Fuego*, OMB.report, https://omb.report/omb/1140-0020 (last visited Sept. 22, 2025) (cataloguing amendments to Form 4473).

**Background**

In June 2022, Peavler traveled to a Checotah, Oklahoma firearms dealer to pick up two guns. He completed Form 4473, checking "no" next to the question that asked whether he was under felony indictment. Yet at the time, he was facing state charges for distributing methamphetamine, possessing a gun during the commission of a felony, and bringing contraband into jail—all felonies.

The government charged Peavler with making false statements while acquiring a firearm in violation of § 922(a)(6). He moved to dismiss the indictment for failure to state an offense, arguing that the Second Amendment protects the gun rights of indictees, so his pending felony charges (and thus his statement denying their existence) weren't "material to the lawfulness of the" transaction. § 922(a)(6); *see also* Fed. R. Crim. P. 12(b)(3)(B)(v). Peavler also argued that his prosecution violated the Fifth Amendment's Due Process Clause by interfering with his Second Amendment rights. The district court denied his motion, and he pleaded guilty, reserving the right to challenge the ruling on appeal. The district court sentenced Peavler to 12 months and one day in prison and one year of supervised release.

Reilly's case followed a similar arc. In December 2022, he went to an EZ Pawn in Durant, Oklahoma, to redeem a pistol he had pawned. He filled out Form 4473 and checked "no" next to the indictment question. But Reilly, like Peavler, was facing state charges for distributing methamphetamine and possessing a gun during the commission of a felony.

The government charged Reilly with two counts of making false statements while acquiring a firearm—one for the EZ Pawn incident and the other for a separate occasion. Reilly moved to dismiss the indictment, advancing the same Second Amendment argument as Peavler. The district court denied Reilly's motion and his motion to reconsider. Reilly then pleaded guilty to one count of violating § 922(a)(6)—reserving the right to challenge the district court's dismissal order—and the prosecution dismissed the remaining count. The district court sentenced Reilly to 15 months in prison and three years of supervised release.

Defendants appeal.[2]

## Analysis

Raising as-applied Second Amendment challenges, defendants contend that their conduct was not punishable under § 922(a)(6) and the district courts thus erred in refusing to dismiss their indictments. "We review de novo the district court's denial of a motion to dismiss an indictment on constitutional grounds."[3] *United States v. Brune*, 767 F.3d 1009, 1015 (10th Cir. 2014).

---

[2] Peavler and Reilly briefed their appeals separately, but after they each filed a notice of related appeal, we set their appeals for a single oral argument—and decide them both here—because they raise the same issue and are represented by the same counsel.

[3] Referencing the truism that as-applied challenges generally require defendants to proceed to trial to develop sufficient facts upon which to adjudicate them, the government suggests defendants waived their as-applied challenges to § 922(a)(6) by pleading guilty. Not so here. Defendants' challenges depend on facts alleged in their indictments, and "a court may always ask 'whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offence' and dismiss the indictment if its allegations fail that standard." *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (quoting *United States v. Todd*, 446 F.3d 1062,

Section 922(a)(6) imposes criminal liability on "any person" who, "in connection with the acquisition . . . of any firearm . . . , knowingly . . . make[s] any false or fictitious oral or written statement . . . with respect to any fact material to the lawfulness of the" acquisition. And it is "unlawful" to transfer a firearm to "any person who is under [felony] indictment," both for the seller and the buyer. § 922(n) (criminalizing receipt); *see also* § 922(d)(1) (criminalizing sale).

Defendants acknowledge that they made false statements concealing their felony indictments. But they argue those statements were not "material to the lawfulness" of a gun acquisition—as required for § 922(a)(6) liability—because federal limits on felony indictees' gun rights are unconstitutional. In effect, they assert that § 922(a)(6) is unconstitutional as applied to defendants who lie about felony indictments. This as-applied challenge, as counsel acknowledged both in the briefing and at oral argument, is predicated on a facial challenge to § 922(n).[4] That is, according to defendants' argument, only if § 922(n)'s restrictions on felony indictees'

_____

1068 (10th Cir. 2006)). As such, defendants did not waive their challenges by pleading guilty after the district courts denied their motions to dismiss.

[4] At oral argument, defense counsel suggested that defendants could raise a more specific challenge—that § 922(a)(6) is unconstitutional as applied to defendants who conceal pending Oklahoma felony cases initiated by filing an information, because an information does not require a finding of probable cause. But defendants did not adequately raise this challenge either below or on appeal, so we decline to consider it. *See Pharm. Care Mgmt. Ass'n v. Mulready*, 78 F.4th 1183, 1204–05 (10th Cir. 2023) (declining to address argument as waived where appellant "inadequately briefed th[e] issue before the district court" and on appeal); *Ross v. Univ. of Tulsa*, 859 F.3d 1280, 1294 (10th Cir. 2017) (declining to consider argument raised for the first time at oral argument on waiver grounds).

gun rights are unconstitutional can defendants maintain that concealing a felony indictment is not "material to the lawfulness" of a gun transaction.

Our recent § 922(n) decision in *United States v. Ogilvie* thus resolves defendants' appeals. No. 24-4089, 2025 WL 2525579 (10th Cir. Sept. 3, 2025). There, we held that § 922(n) is facially constitutional: Congress can, consistent with the Second Amendment, prohibit at least some felony indictees from receiving firearms. *Id.* at *8. And because Congress has done so in § 922(d)(1) and (n), Form 4473's felony-indictment question—and any response to it—is "material to the lawfulness" of a gun acquisition. § 922(a)(6).

As such, each defendant's statement denying he was under felony indictment was material to determining whether he could lawfully receive a firearm under § 922(n). Defendants' false statements therefore violated § 922(a)(6), and the district courts properly denied their motions to dismiss.[5]

---

[5] Because we decide this appeal on the facial constitutionality of § 922(n), we need not reach the government's argument that even if § 922(n) were invalid, defendants have no privilege to lie when confronted with unconstitutional government action. We likewise need not independently consider Peavler's due-process challenge to his prosecution, which depends upon Peavler's purported liberty interest in exercising his Second Amendment rights and thus rises and falls with defendants' Second Amendment argument.

**Conclusion**

We affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge